*Farris & Beckley*, for appellant.

*Barrett & Roberts*, for appellee.

----

JONATHAN ELLIS v. ROBERT RIGGIN.

**Contract for Sale of Land—Recission—Damages for Breach—Rent.**

Upon recission of a contract for sale of land, damages resulting to the vendee by reason of the failure of the vendor to carry out an agreed recission between the parties, will be allowed the vendee, it appearing that he vacated the premises at vendor's demand some three months prior to the settlement of the vendor, for which time the vendee would be entitled to his rental of the premises.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

October 17, 1868.

This was an ordinary proceeding to enforce the collection of

$300.00, which according to the answer was made as an advancement upon the purchase of a house and lot from plaintiff in Paducah, Ky. No writings were entered into, but by verbal agreement defendant was to pay $100 down and $100 in one year after for same. He paid $300.00 and failed further to comply with agreement; both parties asks a rescission of the agreement to transfer property and defendant sets up a counter claim for $90.00 for three months rent of the house for which time the property was regarded as defendants by plaintiff, as defendant dispossesed his tenants for that length of time in order to comply with agreement.

From a judgment for $300, amount sued on, less credit of $90, amount of rent due defendant, this appeal is prosecuted.

OPINION OF THE COURT BY JUDGE HARDIN:

The facts alleged in the defendant's answer as a counter claim, and fraud, were, we think, at least sufficient to constitute a cause of action for the injury sustained by the defendant by the plaintiff's failure to comply with his agreement, which has caused the defendant to remove his tenants from the house preparatory to giving possession to the plaintiff.

The facts of the case thus presented were tried by the court, and the Judge seems to have estimated the damages sustained by the probable loss of rents, and set it off against $90 of the plaintiff's demand. And in this we do not perceive any error for which this court should disturb the judgment.

Wherefore the judgment is affirmed.

*Husbands, for appellant.*